## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LESLIE GROVER, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                       **NO. 17-1398-JWD-RLB**

**AMERICAN STRATEGIC**
**INSURANCE CORPORATION**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 12, 2020.

                                                            **RICHARD L. BOURGEOIS, JR.**
                                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LESLIE GROVER, ET AL.**                                  **CIVIL ACTION**

**VERSUS**                                                 **NO. 17-1398-JWD-RLB**

**AMERICAN STRATEGIC
INSURANCE CORPORATION**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs initiated this action with the filing of their Complaint (R. Doc. 1) on October 25, 2017, seeking damages arising out of the 2016 flood. Plaintiffs' original counsel sought to withdraw by way of Motion (R. Doc. 15) dated June 17, 2020, representing that Plaintiffs had failed to maintain communication and counsel had been unable to reach Plaintiffs since January 2020. Plaintiffs have since failed to appear at telephone conferences held on July 21, 2020 and August 5, 2020. (R. Docs. 19, 21). Plaintiffs were specifically advised that failure to participate in the conferences as ordered will result in a recommendation of dismissal of this action.

Following the August 5, 2020 telephone conference, wherein counsel for Defendant represented they had corresponded with Plaintiffs and requested additional time to attempt resolution, the Court extended certain deadlines, including a deadline of September 30, 2020 to file dispositive and *Daubert* motions. (R. Doc. 21). As of the date of this Order, no motions have been filed, and certified mail sent to Plaintiffs' last known address has been returned unclaimed and unable to forward. (R. Docs. 25, 26).

Rule 16(f)(1)(A) of the Federal Rules of Civil Procedure provides a court discretion to "issue any just orders… if a party or its attorney… fails to appear at a scheduling or other pretrial conference." Moreover, the Court may issue appropriate sanctions if a party fails to obey a

pretrial order and/or discovery order.  Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A). The Rules specifically authorize the Court to sanction a party for such violations by dismissing the action. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, "Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order." *Hanna v. Dist. Attorney of Guadalupe Cty., Texas*, 2019 WL 4594713, at *2 (W.D. Tex. Sept. 23, 2019) (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)).

Plaintiffs have failed to appear and participate in this litigation as ordered, and have failed to comply with orders of this Court. Plaintiffs have further failed to claim Certified Mail at their last know address, or have failed to update their address or contact information with the Court. Plaintiffs have been previously advised that a failure to participate will result in a recommendation of dismissal of this action. (R. Doc. 19). Accordingly, the Court finds it appropriate to recommend dismissal of this action for failure to prosecute.  As set forth above, Plaintiffs will still have an additional 14 days to respond to this recommendation of dismissal.

Based on the foregoing,

**IT IS RECOMMENDED** that this action be **DISMISSED** based on Plaintiffs' failure to appear and participate pursuant to Fed. R. Civ. P. 16(f)(1)(A) and 41(b).

Signed in Baton Rouge, Louisiana, on November 12, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

2